UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DENNIS PERRY,<br>Defendant. | Case No. 18-cr-00345-SI-1<br><br>**ORDER GRANTING DEFENDANT'S REQUEST FOR A *FRANKS*/EVIDENTIARY HEARING**<br><br>Re: Dkt. No. 22 |

On November 1, 2018, the Court held a hearing on defendant's motion to suppress. Defendant moves to suppress all fruits of several warrantless searches, the warrantless seizure of his person, and the search of his storage locker and car pursuant to a warrant that defendant contends was tainted. In the alternative, defendant requests an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).

"Under *Franks*, a criminal defendant has the right to challenge the veracity of statements made in support of an application for a search warrant." *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017). Defendant contends that Deputy Constantino's search warrant affidavit contained false statements and omissions key to the probable cause calculus. Deputy Constantino's search warrant affidavit stated,

> I asked Jinzo [the passenger] if he had seen floor jacks, and Jinzo confirmed he had seen two at Perry's storage units. Jinzo confirmed he had seen a red Craftsman brand air compressor tank and a red Craftsman brand tool box. I asked if he had seen any fishing poles. Jinzo told me he had seen four. It should be noted the property I wanted him to identify had been stolen from Edwards' storage unit.

Hong Decl. Ex. C at DP-0526 (Dkt. No. 24-3).

However, the audio recording submitted by the government, although difficult to hear, suggests that these statements were incomplete or misleading, thus warranting a *Franks* hearing.

*See generally United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985) ("At this stage, all that is required [for a *Franks* hearing] is that the defendant make a substantial showing that the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading."). For example, the audio recording shows that Jinzo stated that he did not see an air compressor, then said he did not know what one looked like, and then when Constantino said "it's red," Jinzo said that he saw something red in Perry's storage locker. With regard to the red Craftsman-brand tool box, the audio shows that Constantino asked if "there were any other Craftsman tools," and Jinzo replied that the tools were "only Milwaukee" and that he "didn't see any Craftsman." Constantino then asked whether Jinzo had seen a red, Craftsman-brand double-stack toolbox (which had been reported stolen that morning), and Jinzo responded that he saw a "single-stack" toolbox "but that one had been there for a while." When Constantino asked Jinzo if he had seen any fishing poles, Jinzo said he saw a "bundle" and may have said "four or five" fishing poles. However, the search warrant affidavit states that Jinzo said he saw four fishing poles, the same number stolen from the victim. Finally, the audio recording shows that Constantino asked Jinzo whether he saw a Craftsman-brand bench grinder (which had been reported stolen), and Jinzo stated "no," but that information was not included in the affidavit.[1]

Prior to the hearing, the Court also ordered the government to file a supplemental declaration from Deputy Constantino explaining his statement, "After talking to Domingo and Edwards, I looked up Perry on our internal database and learned he was named as a suspect in several burglaries, including a City of Belmont storage unit burglary and a San Mateo county storage unit burglary." Constantino Decl. ¶ 7 (Dkt. No. 24-1). This statement was contained in his declaration in opposition to the motion to suppress, but not in his search warrant affidavit. The Court directed the government to clarify, *inter alia*, whether Constantino obtained the information about Perry being a known suspect in other storage locker burglaries prior to conducting the traffic stop of defendant.

In response to the Court's order, the government filed a supplemental declaration of Deputy Constantino. Dkt. No. 30. At the hearing, defense counsel contended that the supplemental

---

[1] As the government notes, Constantino's search warrant affidavit did include Jinzo's statement that he had not witnessed Perry break into a storage locker.

declaration was carefully worded such that it did not clearly state *when* Deputy Constantino learned that Perry was a suspect in other storage locker burglaries. Instead, defendant argued that Constantino's supplemental declaration states that he looked up Perry's name in the RIMS database prior to the traffic stop, and then in a separate paragraph Constantino states, "after I looked up Dennis Perry on RIMS . . . I saw that Perry was named as an arrested-suspect and suspect in San Mateo County cases." *Id*. ¶¶ 1, 3.

The Court finds that the supplemental Constantino declaration is ambiguous as to precisely when Constantino learned that Perry was named as a suspect in other storage locker burglaries. Accordingly, this topic will also be explored during the evidentiary hearing.

The Court directs the parties to meet and confer regarding a date for the evidentiary hearing, and then to contact the Court's courtroom deputy, Ms. Kasamoto, regarding scheduling. The Court informs the parties that the following dates are available: November 5, 7, 14 or 15. Starting November 19, the Court is scheduled to be in trial for a number of weeks. If the parties wish to schedule the evidentiary hearing after November 19, they may do so after consulting Ms. Kasamoto and if the Court is available.

**IT IS SO ORDERED**.

Dated: November 2, 2018

SUSAN ILLSTON
United States District Judge